THE MORRIS CANAL AND BANKING COMPANY *vs.* FRANCIS O. MATTHIESON and others.

SAME COMPLAINANTS *vs.* FRANCES O. MATTHIESON AND JOSEPH H. GAUTIER and others.

Upon filing the bill an injunction issued pursuant to the prayer thereof. The defendants having answered, now move to dissolve the injunction. The cause was heard before James Wilson, esquire, one of the masters of the court, upon the bill and answer.

*Gilchrist* and *Bradley*, for the defendants, in support of the motion.

*I. W. Scudder* and *Zabriskie*, for the complainants, contra.

THE MASTER. The bill in each of these cases, sets forth that the complainants have constructed, under a certain right and title therein stated, a basin in the waters of Communipaw bay and Hudson river, by sinking crib-work filled with stones, and that the crib-work forming the southerly side of said basin, was extended westwardly outside of said basin, about 134 feet; and that in May last, in order to construct a dock or pier there, to accommodate the business of their canal, they extended said crib-work about 250 feet further westwardly, making in all about 384 feet of crib-work from the southwesterly corner of the basin. The bill charges that the defendants were engaged in taking up and destroying said crib-work, and threatened to destroy the basin, and that thereby an irreparable injury will be done to

Morris Canal and Banking Co. *v.* Matthieson et al.

the complainants. The bill prayed for an injunction to stay the proceedings of the defendants, which was granted.

The defendants have answered the bill, setting forth that they own valuable lands and real estate in Jersey City, and upon the shores of Communipaw bay, and that they are entitled to the rights of adjacency, the rights of riparian owners, and the rights of navigating the waters of said bay and Hudson river; and that their business which is carried on upon said lands, and is large and valuable, makes it necessary for them to pass frequently with vessels across said waters, to and from New York. They deny the right of the complainants to construct said basin and crib-work, and allege that they are public nuisances, and also that they work especial injury to their business. They admit that they were engaged in taking up said crib-work, and insist that they had a right to do so, but deny that they did any injury to the basin. The defendants now move to dissolve the injunction.

The basin and the crib-work, extending westwardly from its southwesterly corner, were constructed, and are claimed by the complainants, upon one and the same claim of right and title. I have already considered this claim, so far as relates to the basin, in the opinion just read in the case of these same complainants against the Central Railroad Company of New Jersey and others.* I now refer to that opinion for the sake of convenience, and adopt it here, so far as it is applicable to this case. Upon the reasons there stated, I am of opinion that the complainants have not shown such title to the said crib-work, as entitles them to an injunction to protect them in the enjoyment thereof. Upon this ground, I am of opinion that the injunction issued in each of these cases, should be dissolved with costs, and I do respectfully advise the Chancellor to make an order accordingly.